UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:18-cr-61 RLM-MGG |
| ) | |
| ROBERT BINDER ) | |

SENTENCING MEMORANDUM

After police stopped Robert Binder as he drove a car on July 7, 2017, searches of his car and his home produced a variety of controlled substances and firearms. He has pleaded guilty to possession with intent to distribute heroin. Neither side objected to the presentence report. The court adopts as its own findings ¶¶ 1–141 of the presentence report, specifically including paragraphs ¶¶ 104–124 concerning Mr. Binder's financial condition and earning ability. Mr. Binder and the government both told the court they had no objections to the conditions of supervision proposed in Part F of the presentence report.

A sentencing court must first compute the guidelines sentence correctly, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Garcia, 754 F.3d 460, 483 (7th Cir. 2014). The court applies the 2016 version of the sentencing guidelines.

The base offense level for possession of the equivalent of 24.4 kilogram of marijuana is 16. U.S.S.G. § 2D1.1(a)(5) & (c)(12). Mr. Binder's offense level is reduced by three levels to reflect his clear and timely acceptance of responsibility, U.S.S.G. § 3E1.1, producing an adjusted base offense level of 13.

The sentencing guidelines assess ten criminal history points for Mr. Binder's prior criminal sentences. The guidelines assess three criminal history points for his 15 year sentence in 2004 for dealing methamphetamine, and assess two more points because Mr. Binder was still serving the probationary part of that sentence when he committed this crime. Two points are assessed for his six-month sentence in 2011 for felony possession of cocaine and misdemeanor possession of marijuana. Two points are assessed for Mr. Binder's conviction in 2013 for misdemeanor possession of marijuana, for which he was sentenced to a year in prison. One point is assessed for his 30 day sentence in 2017 for possession of marijuana. Those ten points place Mr. Binder in criminal history category V, so the sentencing guidelines recommend a sentencing range of 30 to 37 months in prison.

The court decides the sentence under 18 U.S.C. § 3553, United States v. Booker, 543 U.S. 220 (2005). Accordingly, the court turns to the statutory factors, seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. § 3553(a).

The guideline range is the starting point and the initial benchmark, but the court doesn't presume that the recommended range is reasonable. Gall v. United States, 552 U.S. 38, 50 (2007). As just calculated, the sentencing guidelines, which ordinarily pose the best hope, on a national basis, for avoiding unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct, 18 U.S.C. § 3553(a)(6); United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006), recommend a sentencing range of 30 to 37 months. The government and Mr. Binder have agreed to a 24-month sentence, and the court can't impose any other sentence if it accepts the plea agreement.

     Mr. Binder is a smalltime drug dealer, selling a variety of drugs — heroin, cocaine, methamphetamine — from home with two handguns and three long guns. Mr. Binder's guilty plea spared the government the time and expense of trial and trial preparation.

     Mr. Binder is 43 years old. He has a long criminal record dating back to age seventeen. This is his fifth felony conviction. Mr. Binder is married for a second time. He has a fourteen-year-old son and is nearly $5,000 in arrears on his support payments for that son. His health is good apart from high blood pressure and acid reflux. He believes his mental health is good; his wife believes he suffers from depression. Mr. Binder had a very difficult childhood. His mother was a victim of a kidnaping and murder, and he was physically abused by his grandfather for the next several years. Mr. Binder has a long history of substance abuse. He has in treatment before, and might benefit from it again. Mr. Binder earned his GED while incarcerated. His employment history is spotty, as might be expected of one who has been in and out of prison.

Mr. Binder has been steadily involved in criminal activity for over 25 years, and so would seem likely to pose a significant threat of recidivism. On the other hand, he has reached an age when people generally begin to commit fewer crimes.

The parties have stipulated to a sentence below that the guidelines recommend. The government explained the problems faced in trying to bring this case to trial, and based on that the court believes that the stipulated sentence is sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

A three-year supervised release term is required by statute, and the court sees no reason for a longer term. The terms of the supervision would be those proposed in Part F of the presentence report.

Mr. Binder can't pay the fines recommended by the guidelines even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Robert Binder, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. While on supervised release, the defendant shall comply with the terms of supervision set forth in ¶¶ 142-153 of the presentence report, which paragraphs the court incorporates as part of this

sentence. Mr. Binder expressly waived the reading in open court of the conditions of supervision.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine recommended by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

The court recommends that the Bureau of Prisons designate as the place of the defendant's confinement a facility, consistent with the defendant's security classification as determined by the Bureau of Prisons, as near as reasonably possible to his family in northern Indiana.

ENTERED:   October 24, 2018

　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Robert L. Miller, Jr., Judge
　　　　　　　　　　　　　　　　United States District Court

cc:   R. Binder
　　　D. Schmid
　　　J. Maciejczyk
　　　USM
　　　USPO